**Office of Disciplinary Counsel v. Toll**

Disciplinary Board Docket no. 20 D.B. 1987, 64 D.B. 1988.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

SHEERER, *Member,* December 29, 2004—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On December 9, 2003, R. Elliott Toll filed a petition for reinstatement to the bar of the Supreme Court of Pennsylvania. Petitioner was disbarred on consent by order of the Supreme Court dated July 22, 1988.

A reinstatement hearing was held on June 16, 2004, before Hearing Committee 2.05 comprised of Chair Michael S. Dinney, Esquire, and Members Mary G. McLaughlin Davis, Esquire and Jerry R. Knafo, Esquire. Petitioner was represented by Samuel C. Stretton, Esquire.

The Hearing Committee filed a report on October 4, 2004 and recommended that the petition for reinstatement be granted.

No briefs on exceptions were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting of November 17, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner is R. Elliott Toll. He was born in 1948 and was admitted to the practice of law in Pennsylvania in 1974. He resides at 1345 Jaimison Lane, Meadowbrook, PA 19046. His current business address is Prudential Fox & Roach Realtors, 500 Old York Road, Suite 200, Jenkintown PA 19046.

(2) Petitioner was disbarred on consent on July 22, 1988. The disbarment was based on the acts of misconduct described below.

(3) Petitioner misled a client, Irene Uhrig, by telling her that she had won her arbitration matter and the other side appealed, when in fact she lost the case and petitioner appealed it. Petitioner continued to mislead his client through the appeal process, until ultimately his client terminated petitioner's representation and obtained a new lawyer.

(4) In 1988, petitioner pleaded guilty to one count of mail fraud, one count of aiding and abetting, and one count of obstruction of justice.

(5) The criminal conviction arose out of a scheme whereby petitioner's friend, Dr. Marc Jaffe, submitted inflated medical bills on petitioner's personal injury cases. Petitioner subsequently submitted the inaccurate bills to insurance companies. Petitioner knew the bills were inaccurate. Petitioner also instructed Dr. Jaffe to

destroy certain records relevant to a federal grand jury subpoena.

(6) Petitioner was sentenced to five years incarceration to be followed by five years probation, and served 17 months in a federal penitentiary. He successfully completed his probation and paid all fines and costs including a federal fine of approximately $50,000 and restitution of $150,000.

(7) After petitioner's release from prison, his wife purchased a car wash business in New Jersey and petitioner worked there managing that business until it was sold in May 2002.

(8) After the car wash business was sold, petitioner took a real estate course and was licensed as a real estate agent. Because of his felony conviction, he had to have a character hearing, which he successfully passed and was licensed.

(9) Petitioner is currently associated with the real estate agency of Prudential Fox & Roach in Jenkintown, Pennsylvania.

(10) Petitioner buys property for himself and his wife through the brokerage and then manages the real estate investments.

(11) Petitioner's involvement with the real estate business sparked his interest in regaining his law license.

(12) During his disbarment, petitioner continued his involvement with his synagogue, Beth Shalom, in Elkins Park, Pennsylvania. He has also become involved with the Meadowbrook Ridal Civic Association.

(13) As an active attorney prior to his disbarment, petitioner was very involved in community matters, such as the Lions Club, Bucks County Democratic Club and

the Navy League. Petitioner's primary focus after his disbarment was his wife and two children.

(14) Petitioner has fulfilled all of the required Continuing Legal Education courses for reinstatement.

(15) Petitioner reviews the advance sheets and reviews all of the Continuing Legal Education materials provided to him.

(16) Petitioner hopes to practice in the area of real estate law, if he is reinstated to practice.

(17) Petitioner has no judgments or liens of record against him.

(18) Petitioner expressed sincere remorse for his misconduct and indicated that he has learned from his mistakes and will never repeat them.

(19) Petitioner presented a number of excellent character witnesses who testified in support of his reinstatement.

(20) These witnesses included Saul Langsam, Esquire; Madeleine Kaufman, Esquire; Steven Kitty, Esquire; Albert Dubitsky, a social worker; Neil Fine, a business consultant; Rana Lang, a school teacher; Toni-Lee Beigel, a certified public accountant; Catherine Fofana, a cashier at the car wash business owned by petitioner's wife; Diane Lapat, a school teacher; Evelyn Toll, petitioner's mother; and Carol Toll, petitioner's wife.

(21) These witnesses described petitioner as a hardworking, responsible person who has accepted responsibility for his actions and has shown true remorse.

(22) These witnesses did not hesitate to recommend petitioner for reinstatement, and do not perceive his reinstatement to be detrimental to the public interest.

## III. CONCLUSIONS OF LAW

(1) The misconduct for which petitioner was disbarred is not so egregious as to preclude immediate consideration of his petition for reinstatement.

(2) Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania.

(3) Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the interest of the public.

## IV. DISCUSSION

This matter is before the Disciplinary Board on a petition for reinstatement filed by R. Elliott Toll. Petitioner was disbarred on consent on July 22, 1988, by order of the Supreme Court of Pennsylvania. This disbarment was based on petitioner's criminal conviction of mail fraud, aiding and abetting and obstruction of justice, as well as his misconduct in a client matter.

Petitioner's request for reinstatement to the bar after disbarment is initially governed by the standard set forth by the Supreme Court of Pennsylvania in *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). As a threshold matter, the board must determine whether petitioner has demonstrated that his breach of trust was not so egregious that it precludes him from reinstatement.

Careful review of the record and the case law persuades the board that petitioner has met the *Keller* threshold. There are Pennsylvania cases regarding criminal con-

victions for similar misconduct in which the Supreme Court has held that the *Keller* standard was met. In the recent matter of *In re Joseph Robert Rydzewski,* no. 287 disciplinary docket no. 3, no. 158 D.B. 1996 and 105 D.B. 1998 (Pa. March 30, 2004), the petitioner was reinstated after disbarment where his underlying misconduct was conviction of mail fraud and theft due to a conversion of law firm funds. In the case of *In re Perrone,* 565 Pa. 563, 777 A.2d 413 (2001), although not reinstating the petitioner, the Supreme Court found that he met the *Keller* threshold, despite his conviction of theft by deception, tampering with public records, securing execution of documents, and unsworn falsification to authorities.

Petitioner's misconduct in the instant matter appears to be of a nature similar to the misconduct in the cited cases.

Having concluded that petitioner's misconduct is not so egregious as to preclude consideration of his petition for reinstatement, the board must now determine whether petitioner has met his burden of proving by clear and convincing evidence that his resumption of the practice of law at this time will not have a detrimental impact on the integrity and standing of the bar, the administration of justice, or the public interest, and that he has the moral qualifications, competency and learning in the law required for admission to practice law in Pennsylvania. Pa.R.D.E. 218(c)(3)(i). In order to make this determination, the board must consider the amount of time that has passed since petitioner was disbarred, as well as his efforts at rehabilitation. *In re Verlin,* 557 Pa. 47, 731 A.2d 600 (1999).

Petitioner has been without a license to practice law for approximately 16 years. This is a very lengthy period and is sufficient to dissipate the taint of petitioner's misconduct on the integrity of the bar and the public interest. The uncontroverted evidence presented at the hearing clearly and convincingly demonstrates that petitioner has worked to rehabilitate himself.

Petitioner served his time in prison and fulfilled all requirements of his probation, and paid large fines and restitution in full. He managed a car wash employing 40 people for many years. After the sale of the car wash, he obtained his real estate license. For that license, petitioner underwent a character hearing due to the fact that he had a felony conviction on his record. Petitioner presently works for Prudential Fox & Roach in Jenkintown and has been successful in this venture. He attributes his interest in readmission to the bar to his real estate work. While petitioner acknowledges that he was more involved in his community prior to his disbarment, his focus post-disbarment was on his wife and two children, who were young at the time of the disbarment. Petitioner did maintain his active involvement in synagogue activities and has become involved in the Meadowbrook Ridal Civic Association. There is no evidence of any post-disbarment misconduct by petitioner.

Petitioner is current on his requirements for Continuing Legal Education and reads the advance sheets to keep apprised of the current law. He plans to do real estate law if reinstated.

Petitioner testified credibly to his remorse and the regret he feels for his misconduct. Petitioner presented many credible character witnesses who support his reinstatement.

The board finds that petitioner has demonstrated that he engaged in a qualitative period of rehabilitation during his lengthy term of disbarment. Petitioner has met his burden of proving that he has the moral qualifications, learning and competence to practice law and his resumption of the practice of law will not have a detrimental impact on the integrity and standing of the bar, the administration of justice, or the public interest. The board recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, R. Elliott Toll, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Board Member Nordenberg did not participate in the November 17, 2004 adjudication.

## ORDER

And now, March 11, 2005, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated December 29, 2004, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.